*Northern District*
No. 4724
MARJORIE D. LOWELL
v.
WARD CRAMER and JANICE B. CRAMER
(March 24, 1954)

*Gadsby, P. J.* In this action of contract by writ dated March 16, 1951, the plaintiff seeks to recover on a witnessed, joint and several, promissory note, dated January 7, 1939, and signed by the defendant Ward Cramer, and his wife, Janice B. Cramer.

Besides a general denial the defendant also alleged in his answer that "the note was a mortgage note subject to a prior mortgage which was foreclosed and the principal of this note became due before January 1, 1946, more than two years before this action was commenced".

There was evidence and the trial judge found that the note sued on was a mortgage note; that it was dated January 7, 1939; that it was secured by a second mortgage of the premises at 81 Woburn Street, in Medford; that the first mortgage on said premises was foreclosed on August 9, 1939; that the note was properly witnessed and the signatures were genuine; that the principal sum of the note was Four Hundred Forty Dollars ($440.00) payable in monthly instalments of Ten Dollars ($10.00) each, beginning February 15, 1939; that no payment thereon was made; that the cause of action accrued on February 16, 1939; that before trial the plaintiff discontinued his action against the defendant's wife, Janice B. Cramer; and he concluded his findings as follows:

"I find that the action is on the joint and several

promissory note and that the defendant, Ward (Cramer) is liable for the balance due thereon. I find that this action was not commenced within two years of the due date, foreclosure sale of the prior mortgage, or within two years after January 1, 1946.

"I rule that this action is governed by the provisions of 17A in General Laws, Chap. 244, and that this section imposes limitations on actions on mortgage notes, as distinguished from actions that might arise from violations of covenants of the mortgage which might be independent of the obligations created by the note.

"I rule that the promissory note secured by mortgage of the premises owned by Janice (Cramer) was a mortgage note and that both makers were jointly and severally liable for default in the payment. The discontinuance against Janice (Cramer) does not discharge Ward from his obligations, if any."

The trial judge also disallowed the plaintiff's requests for rulings "because of the facts found and rulings made herein".

These requests were as follows:

"1. The cause of action against the defendant is not barred by the provision of Chapter 244, Section 17A.

2. Chapter 244, Section 17A was not designed for the protection of the defendant.

3. The defendant was not a mortgagor entitled to the benefit of Chapter 244, Section 17A.

4. Since the note dated January 7, 1939 was the several note of the defendant and not secured by a mortgage on any real estate of the defendant, he is not entitled to benefit of Chapter 244, Section 17A."

We are of the opinion that the trial judge correctly ruled that the note in suit was a mortgage note and that it was barred by the provisions of G. L. Chapter 244, Section 17A.

Therefore, plaintiff's requests for rulings were properly denied and the report is to be dismissed.

Mahoney, Bryer, Coffin & Willis, for the plaintiff.

James McCaffrey, for the defendant.